JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a trial to the bench, defendant-appellant George Thomas was convicted of having a weapon while under a disability in violation of R.C. 2923.13(A)(3). Thomas timely appeals his conviction, bringing forth two assignments of error. For the following reasons, we affirm the judgment of the trial court.
The record reveals that, one evening in December 2003, uniformed Cincinnati police officers were investigating complaints of drug dealing in Cincinnati's Over-the-Rhine neighborhood. As the officers were driving around in an unmarked van, Thomas and his friend stepped out of a breezeway between apartment buildings and waved the van over. Thomas thought he was waving over a bootleg cab. When the officers stopped the van, they arrested Thomas's friend when he threw down something that appeared to be, and was later identified as, crack cocaine. Both Thomas and his friend had been drinking beer at this time. As Thomas was being cited for having an open container of alcohol, one of the officers searched the breezeway and found a gun inside the door of an abandoned apartment. The gun, which was loaded and operable, was ten to fifteen feet away from Thomas. After Thomas admitted that the gun was his and that he used it for "protection," he was arrested.
In Thomas's first assignment of error, he asserts that his conviction was against the manifest weight of the evidence. Thomas argues that the officers never tested the gun for his fingerprints and, thus, that there was no physical evidence linking Thomas with possessing or acquiring the gun. But Thomas admitted to officers, after he was read his Miranda
rights, that the gun was his and that he had bought it on the street to use for protection. It was also stipulated at trial that Thomas had been convicted of possessing drugs and was under a disability at the time he had possession of the gun. Based on the record before us, we cannot say that the conviction was against the manifest weight of the evidence. The first assignment of error is overruled.
In his second assignment of error, Thomas asserts that his conviction was based on insufficient evidence because the state did not prove beyond a reasonable doubt that he had "knowingly acquire[d], ha[d], carr[ied], or use[d] any firearm." Thomas argues that because the state failed to prove the corpus delicti of the crime, his confession that he owned the gun was inadmissible.
"The corpus delicti of a crime consists of two elements, the act and the criminal agency of the act. Before an alleged confession is admitted, there must be `some evidence outside of the confession that tends to prove some material element of the crime charged.' This independent evidence need not equal proof beyond a reasonable doubt.
"Although the corpus delicti rule is well established in Ohio, the practicality of the rule has come into question in light of the modern procedural safeguards afforded to criminal defendants. As such, courts do not apply the rule with `dogmatic vengeance.' The burden on the state to produce `some evidence' of the corpus delicti is minimal. Direct and positive proof that a crime was committed is not required; circumstantial evidence may be relied upon."[1]
Upon reviewing the record, we hold that there was "some circumstantial evidence" of both the criminal act and the criminal agency tending to prove the corpus delicti. Police Officer Charles Vanover testified that he had seen Thomas emerge from the breezeway where the officer had found the gun. Office Vanover further testified that the gun was only ten to fifteen feet away from Thomas, and if Thomas had so desired, he had the ability to reach the gun quickly. Accordingly, because the corpus delicti rule was satisfied, the trial court did not err in admitting Thomas's confession into evidence.
In light of Thomas's confession and the stipulation that he was under a disability, we hold that there was sufficient evidence to support his conviction. Thus, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] State v. Goff, 9th Dist. No. 21114, 2003-Ohio-1134, at ¶ 10-11(citations omitted).